

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JACQUELYN DAINOW**
Phone: (212) 356-0896
Fax: (212) 356-3509
Email: jadainow@law.nyc.gov

January 10, 2024

**VIA ECF**
Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:  *Palmer v. City of New York, et al.*, 24-cv-8035 (CM)

Dear Judge McMahon:

      I am an Assistant Corporation Counsel in the Office of the Corporation Counsel, attorney for Defendant the City of New York in the above-referenced action. The City writes to respectfully request a stay of this case and, accordingly, an extension of time to respond to Plaintiff's Complaint currently due on January 13, 2025, pending the ongoing New York City Department of Correction ("DOC") investigation into the underlying incident at issue. The City respectfully requests that this case is stayed until 45 days after the investigation has concluded. Counsel for Plaintiff consents to this request, and Defendant submits that Plaintiff will not be prejudiced in any way by this stay.

      As an initial matter, it is unclear if service has been properly effectuated on Defendants Correction Officer Captain Atkinson, Correction Officer Cutler, Correction Officer Guzman, Correction Officer Olivieri, or Correction Officer Rivera and, as such, decisions concerning this Office's representation of those Defendants have not yet been made. In following with same, an ancillary request for an extension of time as part of a stay of this matter is not being made on the their behalf. However, given the time involved in obtaining requests for legal representation and thereafter determining representation of these individuals, and in the interest of judicial economy, we hope that the Court may, in staying the case, *sua sponte*, extend the time to answer on behalf of all Defendants in the event they are served during the pendency of this stay. Such an enlargement will allow this Office to resolve any representational issues pursuant to Section 50-k of the New York General Municipal Law once the DOC investigation has concluded.

      In the Complaint, Plaintiff alleges that a violation of his Constitutional rights occurred while he was a pre-trial detainee in the custody of the DOC on or about July 30, 2024, less than six months ago. Specifically, Plaintiff alleges a claim of excessive force against the

individual Defendants, in that they allegedly conducted a strip-search of him, pepper sprayed him at close range, injured his left shoulder, restrained and punched him, and stole his property without vouchering or returning same. Plaintiff also alleges *Monell* liability against the City of New York. This incident is the subject of a current and ongoing investigation by the DOC. Defendant City therefore respectfully requests a stay of this matter pending the resolution of the DOC investigation for the following reasons.[1]

Preliminarily, a stay here would safeguard against the possibility that a conflict of interest may arise during the pendency of the litigation. As described in the Complaint, the Defendants are DOC employees (Captain and Correction Officers). Pursuant to N.Y. General Municipal Law § 50-k, the City is obligated to provide representation to individual defendants to the extent that they were acting within the scope of their duties as its employees during the incident in question and were not in violation of any agency rule or regulation. Absent a stay, this Office may be required to make representation decisions regarding these DOC employees prior to learning the outcome of the DOC's investigation concerning their conduct. Should the investigation later find any of them responsible for any wrongdoing or misconduct in connection with the incident that is the subject of this litigation, defense counsel may be conflicted out of the matter entirely and new counsel would need to be retained for all Defendants. Such a scenario would likely cause a greater disruption to the instant action than the requested stay. *See Heth & JED Community Rockers v. City of New York*, 12-cv-1080 (PAE), ECF No. 6 (S.D.N.Y. Apr. 12, 2012) (granting a stay due to a pending IAB investigation relating to the incident underlying the lawsuit as it may impact the ability of counsel for the City to represent the individual defendants); *Drew v. City of New York*, 18-cv-8529 (JMF), 2019 U.S. Dist. LEXIS 237244 (S.D.N.Y. Feb. 22, 2019) (staying case "pending the resolution of the ongoing Department of Correction investigation into the incidents alleged in this case").

Of note, courts in this Circuit have repeatedly stayed civil actions pending active internal investigations by the DOC. *See, e.g., Morgan, et al. v. City of New York, et al.,* 23-cv-1079 (NRB) (S.D.N.Y. June 12, 2023) (ECF No. 18 (granting stay of case pending DOC investigation)); *Shy-Kym Samuel v. Captain Polpotic, et al.*, 18-cv-4039 (JMF) (S.D.N.Y. Aug. 30, 2018) (ECF No. 20 (endorsed letter granting stay pending DOC investigation)); *Michael Megginson v. C.O. Molina, et al.*, 18-cv-5808 (GHW) (S.D.N.Y. Sept. 19, 2018) (ECF No. 19 (endorsed letter granting limited stay pending DOC investigation)); *Christopher H. Cano v. Officer Oxley*, 18-cv-3428 (BMC) (CLP) (E.D.N.Y. Oct. 18, 2018) (ECF No. 15, at 2 (granting stay "pending outcome of an internal investigation into underlying incident by New York City Department of Correction")). *See also Saleh et al v. The City of New York*, 12- cv-00278 (ERK) (SMG) (E.D.N.Y. May 10, 2012) (granting stay due to pending IAB investigation as denial of a stay would complicate and prolong litigation); *Troy Jones v. City of New York et al.*, 14-cv-2094 (ENV) (JMA) (E.D.N.Y. May 16, 2014) (granting stay due to pending open CCRB investigation); *Annan v. City of New York*, 12-cv-2702 (CBA) (CLP) (E.D.N.Y. Sept. 7, 2012) (ECF No. 24 (granting stay in pro se case due to open IAB investigation)); *Debra Constantino v. City of New York et al.*, 13-cv-4175 (PKC) (LB) (E.D.N.Y. Nov. 27, 2013) (granting stay due to pending CCRB investigation);

---

[1] This Court previously granted the City's request for an extension of time to respond to Plaintiff's Complaint from November 14, 2024 until January 13, 2025, and for an accompanying adjournment of the initial conference. *See* ECF No. 20.

- 3 -

*Butler v. City of New York*, 12-cv-3759 (JPO) (S.D.N.Y. Sept. 7, 2012) (ECF No. 10 (granting stay in light of open Internal Affairs investigation into incident alleged in the complaint)); *Ortiz v. City of New York*, 13-cv-07367 (LTS), ECF No. 20 (S.D.N.Y. June 10, 2014) (staying case during pendency of CCRB investigation).

    Accordingly, for the aforementioned reasons, similar to the numerous cases cited above, including *Drew v. City of New York*, a stay is appropriate in this matter. Therefore, the City respectfully requests that this Court grant a stay of this action pending the ongoing DOC investigation into the underlying incident until 45 days after the investigation has concluded, thereby also staying the time for all Defendants to respond to the Complaint, and for such other and further relief as this Court deems just and proper.

    I thank the Court for its consideration.

                Respectfully submitted,

                s/ *Jacquelyn Dainow*
                Jacquelyn Dainow
                Assistant Corporation Counsel

cc:  All counsel of record (via ECF)